# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| REAL TIME RESOLUTIONS, INC. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-0811-S |
| | § | |
| PHH MORTGAGE CORP. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to File Exhibits Under Seal ("Motion to Seal") [ECF No. 18]. Plaintiff has not responded to the Motion to Seal, and the deadline to do so has passed. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to Seal.

## I. BACKGROUND

Plaintiff filed this lawsuit on March 12, 2026. Defendant appeared and filed its Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and Brief in Support ("Motion to Dismiss") [ECF No. 19]. In support of the Motion to Dismiss, Defendant submits three exhibits, which it seeks to file under seal. *See* Mot. to Seal 2.

## II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access

against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

### III. ANALYSIS

Defendant seeks leave to file Exhibits A, B, and C to the Motion to Dismiss under seal. Mot. to Seal 2. According to Defendant, the exhibits are "proprietary contracts" and a letter issued pursuant to those contracts, and the contracts contain provisions prohibiting disclosure of information contained therein. *See id.* Further, Defendant contends that disclosure would pose a "risk of competitive harm." *Id.*

The Court concludes that it is proper to seal Exhibits A, B, and C. Specific allegations regarding competitive harm, like the allegations set forth by Defendant here, support sealing. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). And the Court finds that the interests in support of nondisclosure outweigh the public's common law right of access to the information contained in the relevant exhibits. The exhibits contain confidential information, and Defendant has explained why disclosing such information would cause it competitive harm. *See, e.g., Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 WL 4796229, at *4 (N.D. Tex. May 30, 2024) (sealing information about a company's market strategy that was not readily available to the public). As such, the Court will permit Defendant to file Exhibits A, B, and C under seal.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to File Exhibits

Under Seal [ECF No. 18]. The Court **DIRECTS** Defendant to file Exhibits A, B, and C under seal.

**SO ORDERED.**

SIGNED June 4, 2026.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

3